IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH CARNELL THOMPSON, #239 570, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-1130-WKW ) [WO] |
| MARK BRUTON, *et al.*, | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Elmore Correctional Facility in Elmore, Alabama, brings this 42 U.S.C. § 1983 action against Mark Bruton and the Alabama Department of Corrections. He claims he has not been afforded all the jail credit to which he is entitled and requests that the court change his release date to allow for an earlier parole consideration. Upon review of the pleadings filed by Plaintiff, the court concludes that dismissal of this case prior to service of process is appropriate under the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**I. DISCUSSION**

Plaintiff claims his jail credit has not been properly calculated. Specifically, he contends that he has not been credited with all of the time he spent incarcerated prior to

---

[1] When a prisoner is granted leave to proceed *in forma pauperis* in a federal civil action, this court must screen his complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss such an action at any time, regardless of payment of the filing fee or any portion thereof, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

trial nor has he been credited with time he served in community corrections in violation of Ala. Code §15-18-5 (1975). Failure to properly compute his sentence credits, Plaintiff claims, has affected his eligibility for an earlier parole consideration date. *Doc. No. 1*.

The claim presented by Plaintiff is not cognizable in a § 1983 action at this time. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the . . . sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-89. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Id*. at 481. The Court concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further determined that a prisoner's "claim for declaratory relief and[/or] money damages" that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648. The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the

judgment." *Id*. at 645. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus. *Id*. at 648; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649.

Since granting relief on Plaintiff's claim would affect the length of his sentence, his claim properly sounds in habeas corpus and is not actionable as a section 1983 claim. *See Preiser*, 411 U.S. at 487-89 (holding habeas corpus is the appropriate remedy for challenges to credits that shorten the length of a prisoner's confinement.); *see also Wilson v. State*, 981 So. 2d 441, 442 (Ala. Crim. App. 2007) ("'A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison . . . Section 15-18-5, Ala. Code 1975, requires that a convicted person be "credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections."'"). The court, therefore, concludes that Plaintiff's complaint is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B) as the claim presented is not cognizable in a § 1983 action at this time  *See Balisok*, 520 U.S. at 645-646; *Heck*, 512 U.S. at 487; *Preiser*, 411 U.S. at 488-90.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this 42 U.S.C. § 1983 action be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii) as it is not properly before the court at this time.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 25, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 11th day of February, 2015.

                                        /s/ Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE